IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o D.D., <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NJ; UNITED PARCEL SERVICE; ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 12-7003 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Horizon Blue Cross Blue Shield of New Jersey (improperly pleaded as Horizon Blue Cross Blue Shield Insurance Company) ("Horizon") hereby answers the Complaint filed by Plaintiff North Jersey Surgery Center a/s/o D.D., and files the following Affirmative Defenses.

### THE PARTIES

1. Horizon admits only that Plaintiff is an out-of-network provider and does not have a contract with Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations contained within Paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Horizon admits only that it conducts business throughout the State of New Jersey with its principle place of business located at There Penn Plaza, Newark, New Jersey and provides healthcare benefits/or administrative services under the terms of its benefit plans for

2804960-01

self-insured policies administered by Horizon both of which provide in network benefits and in some instances, provide out of network benefits.

3. Horizon admits only that it conducts business throughout the State of New Jersey, including Bergen County. Horizon denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Horizon denies each and every allegation contained in Paragraph 4 of the Complaint except to admit that Horizon is a not-for-profit health service corporation of the State of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

5. Horizon does not have sufficient knowledge to confirm or deny the allegations contained in Paragraph 5 of the Complaint and leaves plaintiff it its proofs.

6. The allegations contained in Paragraph 6 of the Complaint are not directed towards Horizon, therefore, no response is required. To the extent that the allegations are deemed applicable to Horizon, Horizon denies each and every allegation.

7. Horizon denies each and every allegation contained in Paragraph 7 of the Complaint except to admit that Horizon is a not-for-profit health service corporation of the State of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

8. Horizon denies each and every allegation contained in Paragraph 8 of the Complaint. By way of further answer, any assignment of benefits as against Horizon is void and

unenforceable as a matter of public policy. See <u>Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross Blue Shield of New Jersey</u>, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

## SUBSTANTIVE ALLEGATIONS

9. Horizon denies each and every allegation contained in Paragraph 9 of the Complaint except to admit that Horizon administers a group health benefit plan which provides in-network benefits and in some instances provides out-of-network benefits.

10. Horizon denies that the services allegedly rendered were "medically necessary" and were approved by Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations within Paragraph 10 of the Complaint and leaves Plaintiff to its proofs.

11. Horizon denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Horizon denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Horizon denies each and every allegation contained in Paragraph 13 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

14. Horizon denies each and every allegation contained within Paragraph 14 of the Complaint.

15. The averments contained in Paragraph 15 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 15 of the Complaint.

2804960-01

16. Horizon denies each and every allegation contained within Paragraph 16 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable self-funded group health benefit plan.

17. Horizon denies each and every allegation contained within Paragraph 17 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable self-funded group health benefit plan.

18. The averments contained in Paragraph 18 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 18 of the Complaint.

**WHEREFORE,** Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIRST COUNT
### (Violation of ERISA)

19. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

20. Horizon denies each and every allegation contained within Paragraph 20 of the Complaint except to admit only that the health benefit plan under which plaintiff is seeking benefits is governed by the Employee Retirement Income Security active 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

21. Horizon denies each and every allegation contained within Paragraph 21 of the Complaint except to admit only that the fully insured group health benefits plan under which plaintiff is making a claim for benefits is issued and administered by Horizon.

22. The averments contained in Paragraph 22 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 22 of the Complaint.

23. The averments contained in Paragraph 23 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 23 of the Complaint.

24. The averments contained in Paragraph 24 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 24 of the Complaint.

25. Horizon is without sufficient information to confirm or deny the allegations contained within Paragraph 25 of the Complaint and leaves plaintiff to its proofs.

26. Horizon denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Horizon denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Horizon denies each and every allegation contained in Paragraph 28 of the Complaint except to admit only that the claims at issue were properly processed and obtained in

2804960-01

accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

29. Horizon denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Horizon denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Horizon denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Horizon denies each and every allegation contained in Paragraph 32 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

33. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

34. The averments contained in Paragraph 34 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 34 of the Complaint.

35. The averments contained in Paragraph 35 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 35 of the Complaint.

2804960-01

36. The averments contained in Paragraph 36 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 36 of the Complaint.

37. The averments contained in Paragraph 37 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within Paragraph 37 of the Complaint.

38. Horizon denies each and every allegation contained within Paragraph 38 of the Complaint.

39. Horizon denies each and every allegation contained within Paragraph 39 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## THIRD COUNT
### (Promissory Estoppel)

40. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

41. Horizon denies each and every allegation contained within Paragraph 41 of the Complaint.

42. Horizon denies each and every allegation contained within Paragraph 42 of the Complaint.

43. Horizon denies each and every allegation contained within Paragraph 43 of the Complaint.

2804960-01

44. Horizon denies each and every allegation contained within Paragraph 44 of the Complaint.

45. Horizon denies each and every allegation contained within Paragraph 45 of the Complaint.

46. Horizon denies each and every allegation contained within Paragraph 46 of the Complaint.

47. Horizon denies each and every allegation contained within Paragraph 47 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FOURTH COUNT
### (Negligent Misrepresentation)

48. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

49. Horizon denies each and every allegation contained within Paragraph 49 of the Complaint.

50. Horizon denies each and every allegation contained within Paragraph 50 of the Complaint.

51. Horizon denies each and every allegation contained within Paragraph 51 of the Complaint

52. Horizon denies each and every allegation contained within Paragraph 52 of the Complaint.

53. Horizon denies each and every allegation contained within Paragraph 53 of the Complaint.

2804960-01

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIFTH COUNT
### (Unjust Enrichment)

54. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

55. Horizon denies each and every allegation contained within Paragraph 55 of the Complaint.

56. Horizon denies each and every allegation contained within Paragraph 56 of the Complaint.

57. Horizon denies each and every allegation contained within Paragraph 57 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SIXTH COUNT

58. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

59. The allegations contained in Paragraph 59 of the Complaint are not directed towards Horizon and therefore no response is required. To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations within Paragraph 59 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY: /s/ Edward Wardell
Edward S. Wardell, Esq.

DATE:   December 27, 2012

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Plaintiff's claims are barred because Plaintiff lacks any contract with Horizon.

5. Horizon did not violate any legal or contractual duty owed to Plaintiff.

6. Horizon acted reasonably and in good faith with Plaintiff at all times.

7. Horizon denies the reasonableness, accuracy and appropriateness of the allegations in the Complaint.

8. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

9. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

10. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

11. The Complaint may be barred by the applicable Statute of Limitations.

12. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

13. Plaintiff has failed to exhaust all appeal rights under the group health benefit plan and ERISA. Thus, the Complaint is premature and must be dismissed.

11

14. Plaintiff's claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

15. Denial of benefits to the plaintiff can only be reversed upon proof that Horizon acted in an arbitrarily and capricious manner, which it did not.

16. Plaintiff's state law claims, including breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment, as well as plaintiff's demand for a jury trial are barred by ERISA.

17. Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY: S/ Edward Wardell
Edward S. Wardell, Esq.

DATE:   December 27, 2012

## **DESIGNATION OF TRIAL COUNSEL**

Please be advised that Edward S. Wardell, Esq. and Christopher Abatemarco, Esq. are designated for trial counsel for Defendant Horizon Blue Cross Blue Shield of New Jersey.

                                              CONNELL FOLEY LLP
                                              Liberty View
                                              457 Haddonfield Rd., Ste. 230
                                              Cherry Hill, New Jersey 08002
                                              *Attorneys for Defendant*
                                              *Horizon Blue Cross Blue Shield*
                                              *of New Jersey*

                                 BY:    *S/ Edward Wardell*
                                                   Edward S. Wardell, Esq.

DATE:    December 27, 2012

## CERTIFICATE OF SERVICE

I, Randi Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email upon:

Andrew Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
*Attorneys for Plaintiffs*
*North Jersey Surgery Center a/s/o D.D.*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Randi Vuich

DATE:   December 27, 2012

14

2804960-01