# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o D.D., | CIVIL ACTION NO.: 12-7003 |
| Plaintiff, | |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NJ; UNITED PARCEL SERVICE; ABC CORP. 1-10, | |
| Defendant(s), | |

## PROPOSED JOINT DISCOVERY PLAN FOR RULE 16 CONFERENCE SCHEDULED
### April 24, 2013 at 11:00 a.m.

1.   Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Andrew R. Bronsnick, Esq.
Massood & Bronsnick,
50 Packanack Lake Road East,
Wayne, New Jersey 07470
(973) 696-1900
Attorney for Plaintiffs.

Christopher Abatemarco, Esq.
Connell Foley LLP
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002;
Phone (856) 317-7100
Attorney for Defendant, Horizon Blue Cross Blue Shield of New Jersey.

Heather Weine Brochin, Esq.
Day Pitney LLP
One Jefferson Road
Parsippany, NJ 07054
Phone (973) 966-8199
Attorney for Defendant, United Parcel Service of America, Inc. ("UPSOA"), improperly pleaded in the Complaint as "United Parcel Service".

2.   Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

**STATEMENT OF CASE**

Claimant has filed this claim for benefits under a self-funded health benefits plan sponsored by the United Parcel Service of America, Inc. ("UPSOA") and/or allegedly administered by Horizon Blue Cross Blue Shield of New Jersey ("Horizon"). Horizon believes the plan is actually administered by Blue Cross of Illinois and therefore, Horizon is an improperly named party to this litigation. The plan is organized pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"). The claims involve the usual, customary, and reasonable rate ("UCR") under the terms of the Plan for services provided to D.D. Plaintiff disputes the UCR and seeks increased payment for the services rendered.

Defendants' defenses include, but are not limited to, failure to exhaust administrative remedies and lack of standing based on an insufficient assignment of benefits form.

3.  Has this action been: Settled: ___No___ Discontinued: ___No___
    If so, has there been a Stipulation/Dismissal filed?  N/A

4.  Have settlement discussions taken place? Yes _____    No __X__
    If so, when?

5.  The parties have not exchanged the information required by Fed.R.Civ.P. 26(a)(1).
    Rule 26 Disclosures: are in the process of being prepared

6.  Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).

    None known at this time.

7.  Plaintiff has not propounded interrogatories

8.  The parties have not physically met but have conferred regarding the provision of the Proposed Joint Discovery Plan.

    (a) If not, state the reason therefore.

    (b) If so, state the date of the meeting and the persons in attendance.

9.  The following [is__X___ is not _____] a proposed joint discovery plan.

    (a)   Establishment of the Administrative Record.

    (b)   Discovery [should _____ should not_X___] be conducted in phases or be limited to particular issues. Explain.

Per Defendant: Plaintiff's claim is a claim for benefits pursuant to an ERISA-based healthcare benefit plan and therefore with respect to that claim discovery is limited to ascertaining that which comprises the administrative record and the record of the claims handling.

(c)   Discovery should be limited to the administrative record except with respect to any counterclaims that may be filed based on submission of excessive fees.

(d)   Deadline to serve Initial Interrogatories should be May 15, 2013.

(e)   Maximum of 4 depositions to be taken by each party.

(f)   Motions to amend or add parties to be filed by June 1, 2013

(g)   Fact discovery to be completed by July 30, 2013

(h)   Plaintiff's expert report due as directed by court.

(i)   Defendant's expert report due as directed by court.

(j)   Dispositive motions to be served within 60 days of completion of discovery.

(k)   Expert depositions to be completed as directed by court.

(l)   Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: None anticipated.

(m)   A pretrial conference may take place on <u>any date to be determined by the Court.</u>

(n)   Trial date: To be determined.

10.   Do you anticipate any discovery problem(s)? Yes _____ No __X___

11.   Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

      None currently anticipated.

12.   State whether this case is appropriate for voluntary arbitration (pursuant to <u>L.Civ.R.</u> 201.1 or otherwise), mediation (pursuant to <u>L.Civ.R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later

time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)

**These proceedings would not be productive**

13.     Is this case appropriate for bifurcation?     Yes ____ No __X__

14.     An interim status settlement conference (with clients in attendance), should be held <u>at a date to be determined by the Court.</u>

15.     It is anticipated that this matter may be decided by dispositive motion.

16.     We [do _____ do not XXX] consent to the trial being conducted by a Magistrate Judge.

17.     Identify any other issues to address at the Rule 16 Scheduling Conference.

**None.**

MASSOOD & BRONSNICK, LLC

Andrew Bronsnick, Esq.
Attorney for Plaintiff
North Jersey Surgery Center

Dated:

CONNELL FOLEY, LLP

Christopher Abatemarco, Esq.
Attorney for Defendant
Horizon Blue Cross Blue Shield of NJ

Dated: 4-17-13

DAY PITNEY, LLP

Heather Weine Brochin, Esq.
Attorney for Defendant
United Parcel Service of America, Inc.

Dated: 4/17/13