**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORTH JERSEY SURGERY CENTER, | Civil Action No. |
| Plaintiff, | 2:12-CV-07003-ES-SCM |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | **INITIAL SCHEDULING ORDER** |
| Defendants. | |

**THIS MATTER** having come before the Court on April 24, 2013 by way of initial scheduling conference pursuant to Fed.R.Civ.P. 16, and for good cause having been shown,

**IT IS** on this Wednesday, April 24, 2013 ordered that the Scheduling Order is as follows:

### I.   DISCOVERY AND MOTION PRACTICE

1. **Motion Practice:**  Other than motions under Fed.R.Civ.P. 12, no motions are to be filed without leave from this Court.  All dispositive motions must first be the subject of a dispositive motion pre-hearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), and L. Civ. R. 78.1.

2. **Rule 26 Disclosures**:  Fed. R. Civ. P. 26 initial disclosures shall be exchanged by the parties on or before 5/3/2013. The initial disclosures shall include the administrative record and the record of the claims handling.

3. **Discovery Necessary for Settlement:**  The Court will be expecting you to have promptly begun discovery and be ready for a settlement conference within 90 days from today.  The Court further expects the parties to have already exchanged documents and completed significant depositions by that time.  Failure to quickly commence discovery may result in sanctions.  The discovery necessary for the parties to engage in meaningful settlement discussions includes: Plaintiff wants the plan documents and code before settlement.  Defendants want a sample of how plaintiff was paid by other carriers and the internal appeal file.

4. **Discovery Confidentiality Order**: The parties shall provide the Court with a joint proposed confidentiality order no later than 5/15/2013. *See* Local Civil Rule 5.3. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** *See* Local Civil Rule 5.3. and the Court's Form Discovery Confidentiality Order at Appendix S.

5. **Written Discovery**: The parties may serve a) interrogatories limited to **twenty-five (25)** single questions, including subparts and b) 40 separate requests for production of documents no later than 5/15/2013, which shall be responded to in the manner required by the Federal Rule of Civil Procedure within thirty days of receipt.

6. **Discovery Disputes**: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. L. Civ. R. 37.1(a). Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a joint letter, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute. *See* L. Civ. R. 16.1(f).

    a. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court. If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

    b. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 90 days of the Rule 16 conference. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

7. **Status Letter**: The parties will file a joint letter with the Court on about 7/10/2013 itemizing the issues counsel want to discuss in the upcoming telephone conference.

8. **Telephone Conference**: The court will hold a brief telephone conference regarding discovery on 7/17/2013 **at 2:00 p.m.** Counsel for defendant shall initiate the call. Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

9. **Motions to Amend or Add New Parties**: Any motion to amend pleadings or add new parties, whether by amended or third-party complaint, must be filed by 6/3/2013. Counsel shall first seek consent for any amendment and any request for leave of the Court to file a motion to amend must contain a redlined (or track changes) version of the proposed pleading as an exhibit to the application. All motions, if permitted, shall comply with L. Civ. R. 7.1(f). If a party seeks to file a motion to amend their pleading or join a party after the specified date, the party must show good cause why the amendment could not have been done earlier.

10. **Fact Discovery Deadline**: Fact discovery is to remain open through 7/30/2013. Discovery should be produced on a rolling basis. All fact witness depositions must be completed by the close of fact discovery. No *discovery* is to be issued or engaged in beyond that date, except upon application and for good cause shown.

11. **Depositions**: The number of depositions to be taken by each side shall not exceed **four (4)**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

    a. If a dispute arises at a deposition, then the parties shall contact Magistrate Judge Mannion during the deposition.

    b. If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates. If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available, scheduled depositions should go forward. The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.

    c. If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition. The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

12. **Electronic Discovery**: The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

## III. MISCELLANEOUS

13. **Electronic Case Filing:** The Court has implemented an electronic cade filing system for all documents filed with the Clerk of the Court. Electronic case filing is mandatory for all cases except those by a *pro se* litigant. To register as an electronic filer, obtain on-line training, and see policies and procedures, contact the Clerk's Office or visit the website at www.njd.uscourts.gov. On-site training is also available and can be arranged by contacting 973-645-4439. Orders are electronically filed and paper copies will be provided to pro se litigants only. Registered counsel will be notified via email when an order is filed but are responsible for retrieving and reviewing the Order itself.

14. **Facsimiles:** Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders ; (d) letters advising that settlement has been reached; and truly emergent correspondence. Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier. Counsel should obtain permission from Chambers to fax any other documents.

15. **Extensions and Adjournments:** All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing establishing good cause for the request. Consent from opposing counsel should be sought, but consent alone does not establish good cause. Absent unforeseen emergent circumstances, the Court may not entertain requests to extend deadlines that have passed as of the date of the request.

16. **Contacting the Court:** Attorneys and/or parties may contact the court via any of the following methods:

    | | |
    |---|---|
    | **Telephone:** | (973)-645-3827 |
    | **Facsimile:** | (973)-645-4412 |
    | **Mail:** | Hon. Steve Mannion, U.S.M.J. |
    | | 50 Walnut Street, Room 4062 |
    | | Newark, NJ 07101 |

17. **Local Rules:** Attorneys and/or parties are hereby directed to the Local Federal Rules of Civil Procedures for any other procedural question not specifically addressed in this scheduling order.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY**

**RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/24/2013 3:53:01 PM

Original: Clerk of the Court
cc: All parties
    File